JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Janet Spivey appeals her sentence and conviction on one count of permitting drug abuse in violation of R.C. 2925.13(C)(3), a felony of the fifth degree. For the reasons stated below, we reverse appellant's conviction.
 {¶ 2} On September 21, 2006, appellant was arrested after Euclid police officers executed a search warrant at her home. The warrant was the result of a police investigation into complaints by neighbors that appellant's son, Nicholas, was selling drugs out of the home. As part of the investigation, the police had conducted two "trash pulls" at the address on an earlier date during which they found residue of marijuana and cocaine on plastic baggies in the trash.
 {¶ 3} The search of the home turned up numerous items of incriminating drug evidence. All of the items were found in Nicholas's bedroom with the exception of seven opened boxes of sandwich baggies found in the dining room and a prescription bottle in Nicholas's name found in the living room.
 {¶ 4} As a result of the investigation, appellant and her son and daughter were indicted with one count of drug trafficking, two counts of drug possession, and one count of possession of criminal tools.
 {¶ 5} The trial court denied appellant's motion for a separate trial and on February 28, 2007, the case against all three defendants was tried to the bench. Each defendant was represented by separate counsel. Following the state's case, counsel for each defendant moved for acquittal under Crim.R. 29. The trial court *Page 4 
granted the motion as to the daughter and acquitted her of all charges. The trial court denied the motion as to Nicholas and found him guilty on all four counts.
 {¶ 6} The trial court also denied appellant's Crim.R. 29 motion. The court then acquitted appellant on counts two, three, and four. On count one, the drug trafficking charge, the court found appellant guilty of permitting drug abuse under R.C. 2925.13(C)(3), which the court identified as a lesser included offense of drug trafficking. On March 29, 2007, the court sentenced appellant to six months of community control. This appeal followed with appellant raising two assignments of error for review.
 {¶ 7} "I. The trial court erred in finding Ms. Spivey guilty of permitting drug abuse as permitting drug abuse is not a lessor included offense of any of the offenses charged in the indictment."
 {¶ 8} In her first assignment of error, appellant asserts that the trial court erred when it found her guilty of permitting drug abuse in violation of R.C. 2925.13(B), a crime for which she was not indicted. She argues that permitting drug abuse is not a lesser included offense of drug trafficking and therefore the trial court erred in its finding. Appellant contends that since permitting drug abuse is not a lesser included offense of drug trafficking, and since she was not charged with permitting drug abuse, her conviction must be reversed.
 {¶ 9} The state correctly concedes this assignment of error. Accordingly, Assignment of Error I is sustained, and the judgment of conviction reversed. *Page 5 
 {¶ 10} "II. The conviction for permitting drug abuse is not supported by sufficient evidence."
 {¶ 11} In her second assignment of error, appellant argues that her conviction for permitting drug abuse is based upon legally insufficient evidence. A conviction for permitting drug abuse under R.C.2925.13(C)(3) requires a finding that the offender knowingly permitted her premises to be used for the commission of a felony drug offense by another person. Appellant maintains there is no evidence in the record upon which a fact-finder could rely to impute such knowledge to her.
 {¶ 12} We need not address appellant's argument as this assignment of error is rendered moot by the disposition of the first assignment as explained above. Therefore, having sustained appellant's first assignment, the judgment of the trial court is reversed and remanded with instructions to vacate appellant's conviction.
 {¶ 13} This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
 ANN DYKE, J., and MARY J. BOYLE, J., CONCUR. *Page 1